462 P.2d 519

Sylvia F. LOVING, Plaintiff-Respondent, Cross-Appellant,

v.

L. G. FREEMAN and Sophia Freeman, husband and wife, Joyce M. Freeman, a minor, Defendants, Cross-Respondents,

and

Kathryn Smith and Russell A. Smith, wife and husband, Defendants-Appellants, Cross-Respondents.

No. 10287.

Supreme Court of Idaho. ·

Dec. 16, 1969.

Parsons & Smith, Burley, for defendants-appellants and cross-respondents.

Benoit, Benoit & Alexander, Twin Falls, for defendants and cross-respondents.

McClenahan & Greenfield, Boise, amicus curiae.

Sylvia F. Loving, pro se.

SHEPARD, Justice.

Plaintiff, Sylvia F. Loving, was injured when the car in which she was riding as a guest passenger was struck from the rear by another car. She brought action against the operator of the car in which she was riding, Mrs. Kathryn Smith (Russell A. Smith, husband of Kathryn, was also named as a defendant), alleging that the gross negligence of Mrs. Smith was a cause of the accident. Also named as a defendant was the operator of the other vehicle, Joyce Freeman, a minor child being 16 years of age. (The parents of Joyce Freeman, L. G. and Sophia Freeman, owners of the vehicle, were also named as defendants.) The case was tried to a jury At the close of plaintiff's case, defendants moved for involuntary dismissal, but that motion was denied. At the close of all evidence, defendants moved for a directed verdict, but that motion was also denied. The jury returned a verdict for the defendants Freeman against the plaintiff, but also returned a verdict for the plaintiff and against the Smiths in the amount of $5,040. Defendants Smith then moved for judgment notwithstanding the verdict or in the alternative a new trial. That motion was also denied and judgment was entered for the plaintiff against the defendants Smith.

Defendants Smith (appellants here) assigned error in the actions of the trial court in denying their motions for involuntary dismissal, directed verdict and judgment notwithstanding the verdict, or new trial. Plaintiff Loving (respondent here) crossappeals from the judgment.

The facts of the case as developed at trial are essentially as follows. Miss Loving was a guest passenger in the Smith vehicle which was being driven northerly on state highway 24 between Rupert and Burley. That highway at the point in question is a four-lane highway with opposing lanes of traffic divided by a raised center. Mrs. Smith was making a legal U-turn and pulled into the left turn bay in the divider which is provided for that purpose and stopped. She looked into the southbound lanes of traffic and observed the southbound Freeman vehicle approaching in the inside lane closest to the center divider. Mrs. Smith drove her vehicle into the southbound lanes of traffic crossing over the inside lane into the outside lane. At approximately the point where she entered the southbound outside lane her vehicle was struck in the rear by the Freeman vehicle. Miss Loving occupied the right front seat of the Smith car and required medical and hospital care for the injuries she received in the accident.

Estimates of the speed of the oncoming Freeman car varied, the maximum being upwards of 70 m. p. h. Estimates of the distance of the oncoming Freeman car from the Smith vehicle at the time the Smith vehicle was driven into the southbound lanes were varied. During the plaintiff's case in chief, Miss Freeman estimated that she was only three car lengths away from

the Smith vehicle. Defendants Smith contend that the plaintiff's evidence at that point in the trial was insufficient to establish liability and that their motion for involuntary dismissal should have been granted.

Idaho's guest statute is I.C. § 49–1401, which provides:

> "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence."

This Court has defined gross negligence which is sufficient to support the cause of action of a guest as follows:

> " 'To constitute gross negligence within the meaning of the Idaho guest statute [I.C. § 49–1401] the owner or operator must perform an act or intentionally fail to perform an act which it is his duty to perform, knowing or having reason to know of facts which would lead a reasonable, prudent man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' " Petersen v. Parry, 92 Idaho 647, 657, 448 P.2d 653, 663 (1968).

For the purpose of resolving appellants' contention that the trial court erred in denying their motion for involuntary dismissal, we must view the evidence introduced up to that point in the light most favorable to plaintiff. Byington v. Clover Club Potato & Produce Co., 91 Idaho 165, 418 P.2d 206 (1966); Kelley v. Bruch, 91 Idaho 50, 415 P.2d 693 (1966).

I.C. § 49–721, required Mrs. Smith to turn into the inside southbound lane of traffic. This she did not do and was therefore negligent. Riley v. Larson, 91 Idaho 831, 432 P.2d 775 (1967); and Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963).

At the close of the plaintiff's case reasonable minds could have differed as to the credibility of the evidence regarding the speed of the oncoming Freeman vehicle and its distance from the Smith vehicle. This Court has recently held that "a series or combination of negligent acts may constitute reckless conduct if taken together they indicate a reckless state of mind," Petersen v. Parry, supra, 92 Idaho at p. 657, 448 P.2d at p. 654 (footnote 11). We are not prepared to say that the combination of circumstances in the case at bar would not justify a finding of gross negligence. It was within the province of the jury to make the judgment as to whether or not the facts in this particular case constituted gross negligence under the definitions supplied it by the trial court. We note that the appellants do not assign any of the court's instructions as error and they are therefore assumed to be correct. We, therefore, hold that the denial of defendants' motion for involuntary dismissal was correct.

Appellants next assign error in the denial of their motion for a directed verdict at the close of all the evidence. In viewing the actions of the trial court on that motion, we are again required to view the evidence and all the inferences arising therefrom in the light most favorable to the plaintiff. The same legal principle is applicable to the appellants' motion for judgment notwithstanding the verdict. At the close of defendants' case, the evidence as recited hereinabove was controverted and contested. However, it remained as credible evidence which the jury could have and evidently did accept rather than the defendants' version of the accident. Defendant Kathryn Smith further admitted in the course of defendants' case that she had turned into the wrong southbound lane in violation of I.C. § 49–721, and also that as she drove into the southbound lanes of traffic her left turn signal had been activated, thereby indicating that she intended

to turn left into the inside southbound lane when in fact she intended to and did turn right into the outside lane of southbound traffic.

We are likewise unable to say that the trial judge was in error in permitting the case to go to the jury and allowing the jury to determine if in its judgment the series or combination of negligent acts by Mrs. Smith constituted gross negligence as defined by the instructions of the court.

Based on all of the above, we further find no merit in appellants' contention that the trial court erred in denying their motion for judgment notwithstanding the verdict or in the alternative a new trial.

▮▮ Plaintiff in this action has filed a cross-appeal from the judgment entered in her favor against the defendants Smith. No argument is presented to indicate wherein the entry of such judgment was erroneous. Her theory as presented by her brief in this Court indicates that a new trial should be granted. No such motion was made to the trial court and, therefore, cannot be considered here. Her theory evidently assumes that certain evidence obtained by cross-examining her intended to discredit her character and credibility and thus lessen the verdict to which she was otherwise entitled. We point out initially that all such testimony came into the record without objection at trial where she was represented by counsel and, therefore, this issue would not ordinarily be allowed to be raised on appeal. Pehrson v. C. B. Lauch Construction Co., 237 F.2d 269 (9th Cir. 1956); Koch v. Elkins, 71 Idaho 50, 225 P.2d 457 (1950); Hall v. Boise Payette Lumber Co., 63 Idaho 686, 125 P.2d 311 (1942). Plaintiff Loving appears in this appeal *pro se* and we have, therefore, been extremely liberal in permitting the record before this Court to be augmented on her motion. In any event, said augmentation does not affect our result. All such augmentation material relates primarily to medical history of the plaintiff prior to 1966. The case at bar was tried in January, 1968, and there is no showing that the evidence was unavailable or could not have been produced in the lower court.

▮ If we are to construe plaintiff's brief as constituting a motion for new trial on the issue of damages, such was not timely filed. I.R.C.P. 60(b) (2) permits relief from a judgment on the basis of new evidence if proper motion therefor is made within six months of the entry of judgment. Assuming further that the augmentation material constitutes relevant new evidence which could not have been obtained at trial, that request for new trial was not made until November 14, 1969, approximately a year and a half after the initial judgment was entered.

We find the assignments of error of both appellants and cross-appellants to be without foundation and the judgment of the lower court is, therefore, affirmed. No costs allowed.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.