498 P.2d 1302

**Lois HIGHBARGER and C. J. Bohannon, Plaintiffs-Appellants,**

v.

**Wayne H. THORNOCK and Zurl Ansel Thornock, Defendants-Respondents.**

**No. 10965.**

Supreme Court of Idaho.

June 28, 1972.

**830**

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for appellants.

Parry, Robertson, Daly & Larson, Twin Falls, for appellees.

DONALDSON, Justice.

This action for wrongful death was brought by the heirs at law of Robert Bohannon, who died as a result of an automobile accident. Bohannon was thrown from a car in which he was riding as a passenger; the car was driven by defendant Zurl Thornock and owned by defendant Wayne Thornock. The plaintiffs-appellants commenced this suit in the district court for Gooding County, and at the close of their case, the trial court granted the defendants' motion for involuntary dismissal; the plaintiffs are appealing from the resulting judgment.

The one-car accident which caused Robert's death occurred on the evening of July 6, 1969, at about 8:40 p. m. At that time, Zurl, the driver, was fourteen years of age. He had obtained his Idaho driver's license just one day prior to the accident and had never before driven the car involved in the accident. Clayton Thornock, Zurl's brother, was also a passenger in the car at the time of the accident and a witness at the trial. The decedent Robert Bohannon would have been sixteen years of age in August, 1969.

According to the eyewitness testimony, the accident occurred after the car went through a mud puddle and muddy water was splashed on the windshield. Zurl testified that his attention was distracted from the road as he attempted to find the windshield wiper control knob. Upon direct examination by the plaintiffs' counsel, Zurl and Clayton testified that Zurl had started slowing the vehicle when the decedent urged him to go right on through the mud puddle, which he did, with the result that the windshield was obscured.

Prior to ruling on the motion for involuntary dismissal, the trial judge disclosed that he had independently viewed the scene of the accident. The court then held that the evidence was insufficient to support a finding of gross negligence [1] and granted the motion to dismiss for that reason. The principal assignments of error raised by the appellants are that (1) the court erred in concluding that the evidence was insufficient to sustain a finding of gross negligence and (2) the court erred in viewing the scene of the accident on its own motion, without notice to the parties, and in the absence of counsel, and in considering information thereby obtained in ruling on the motion for dismissal.

After the plaintiff has completed presentation of his evidence, the defendant may move for a dismissal on the ground that upon the facts and the law the plain-

---

1. I.C. § 49-1401 provides:

"*Liability of motor owner to guest.*— No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence."

tiff has shown no right to relief. I.R.C.P. 41(b). When such a motion is made in a jury case, the trial court is required to view the evidence and all inferences arising therefrom in the light most favorable to the plaintiff. Zuhlke v. Anderson Buick, Inc., 94 Idaho 634, 496 P.2d 95 (1972); Petersen v. Parry, 92 Idaho 647, 448 P.2d 653 (1968). The court may not weigh the evidence or resolve conflicts therein. Curtis v. Dewey, 93 Idaho 847, 475 P.2d 808 (1970).

■ Conceivably, a case might arise where a court, in considering a motion to dismiss, might properly view the scene of an accident or view property which is the subject of litigation, where such action is necessary in order to understand and apply the evidence introduced by the plaintiff. Cf. Sanders v. State Highway Dept., 212 S.C. 224, 47 S.E.2d 306 (1948); Lee v. Northwestern R. Co., 84 S.C. 125, 65 S.E. 1031 (1909). However, in our opinion, a court giving proper consideration to the plaintiff's evidence would only rarely find it necessary to conduct such an inspection at this stage of the proceedings in a jury case. The case at bar does not appear to be one of those rare cases where such an inspection was necessary in order to comprehend the testimony prior to ruling upon the motion to dismiss.

Furthermore, the record indicates that the trial court used the knowledge it obtained from a view of the scene of the accident in order to resolve certain questions raised by the plaintiffs' case. Thus, in ruling on the motion for dismissal, the court concluded that the driver of the vehicle "came over the top of the hill and hit into this gravel on the side of the road, tried to straighten his car, and in a very short period of time struck the rock and lost full control, and the seriousness of the accident then was completed." Exactly how the accident occurred was not, however, an undisputed matter; for example, there was a question as to whether the car went out of control and then "struck the rock" or first "struck the rock," which then caused the

driver to lose control. The version of the facts recounted by the trial court may have been an accurate portrayal of what actually happened, but that was for the jury to decide. As stated above, in considering the defendants' motion for involuntary dismissal in a jury case, the court may not resolve conflicts in the evidence; it must give the benefit of any doubt to the plaintiff.

■ A judge trying a case without a jury may not properly view premises without notice to the parties or use the result of his inspection in weighing the testimony of a witness. Lobdell v. State ex rel. Board of Highway Directors, 89 Idaho 559, 407 P.2d 135 (1965); Sanders v. State Highway Dept., supra; see 2 Jones on Evidence, § 462, at 875 (5th ed. 1958) (and cases cited). The same rule should apply where a judge, sitting with a jury, is considering a motion for involuntary dismissal. Thus, the view of the scene of the accident by the trial court was improper because it was undertaken without notice to the parties. Persuasive reasons exist for requiring the court to notify the parties of its intention to view the property which is the subject of the litigation. First, notice to the parties provides them with an opportunity to contest the propriety of such a viewing under the particular circumstances. Thus, in the case at bar, the appellants may have convinced the court that a view of the premises was not necessary in order to understand and apply the evidence introduced by the plaintiff. More importantly, notice to the parties provides them with an opportunity to be present at the time of the inspection, which in turn will insure that the court does not mistakenly view the wrong object or premises. In this case, the court indicated that it had "viewed the premises yesterday and identified the rock pile and pieces of chrome and the hills and valleys there." As the appellants correctly point out, they have absolutely no way of knowing whether the trial judge actually found the place where the accident in fact occurred. They also have no way of knowing whether the "rock pile" mentioned

by the judge was the same one discussed by the witnesses who testified in court. We conclude that the trial court erred in viewing the premises without prior notice to the parties.

■ The respondents contend, however, that any error committed by the court in viewing the scene of the accident is not prejudicial error because the record itself indicates that the evidence presented by the plaintiffs was insufficient to support a finding of gross negligence. The respondents further contend that because the appellants failed to object at the time the judge, in ruling on the motion to dismiss, disclosed that he had viewed the premises, they thereby waived their objection to the erroneous viewing. As we indicated above, since the appellants were not given notice of the court's intention to view the premises, they did not have an opportunity to object to the court's action; rather, when the court disclosed that it had, on the day before ruling on the motion to dismiss, viewed the premises, it presented the appellants with a *fait accompli*. Under such circumstances, we will not hold that the appellants' objection was waived. In addition, the appellants apparently raised this issue in moving for a new trial.[2] Moreover, as the respondents themselves submit, the real question for determination in this case is whether the record itself contains sufficient evidence to support a jury finding of gross negligence.

■■ The operator of a motor vehicle is guilty of gross negligence if he performs an act, or intentionally fails to perform an act which it is his duty to perform, knowing or having reason to know of facts which would lead a reasonably prudent man to realize that his conduct creates a degree of risk substantially greater than that which would be created by mere negligent conduct. Loving v. Freeman, 93 Idaho 426, 462 P.2d 519 (1969); Swa v. Farmers Ins. Exch., 93 Idaho 275, 460 P.2d 410 (1969); Petersen v. Parry, *supra*. A jury finding of gross negligence may be based upon evidence tending to show a series or a combination of negligent acts on the part of the defendant. Swa v. Farmers Ins. Exch., *supra*; Petersen v. Parry, *supra*; Williamson v. McKenna, 223 Or. 366, 354 P.2d 56 (1960); Burrows v. Nash, 199 Or. 114, 259 P.2d 106 (1953); Turner v. McCready, 190 Or. 28, 222 P.2d 1010 (1950); *cf.* Annot., 6 A.L.R.3d 769, 773–774 (1966).

■ For the purpose of resolving the appellants' contention that the trial court erred in granting the defendants' motion for involuntary dismissal, we must view the evidence introduced up to that point in the light most favorable to the plaintiffs. Loving v. Freeman, *supra*. Also, the plaintiff is entitled to all reasonable inferences which can be drawn from facts established by his case in chief. Petersen v. Parry, *supra*. In this case, we have concluded that sufficient evidence was presented to enable the jury to find that a series of negligent acts were committed which, when taken together, constituted gross negligence on the part of the defendant driver. Thus, the jury may have found that the defendant driver did, or failed to do, the following, which could be considered negligent acts or omissions: Prior to the accident, he was driving at a speed of forty miles per hour on a narrow, rough, wet, graveled road having "sharp little rises." He drove through a mud puddle at a speed which was sufficiently great to cause muddy water to splash upon the windshield.[3] He was not sufficiently fa-

---

2. On page 43 of the appellants' brief, they argue that the court erred in refusing to grant them a new trial "where the impropriety of the view had been brought to its attention and argued at length both orally and by way of written briefs." Although the record does not affirmatively indicate that this is true, it was not refuted by the respondents in their brief.

3. The testimony elicited at trial indicates that when the driver of the car began decelerating upon approaching the mud puddle, the plaintiffs' decedent urged him to proceed right on through the mud puddle. Therefore, as to the act of driving though the mud puddle at a speed sufficiently great to cause muddy water to splash upon the windshield, the decedent may have

miliar with the car to be able to find the windshield wiper control and activate the wipers without taking his attention from the road. (Although an inexperienced driver's failure to skillfully operate an automobile may not, per se, amount to gross negligence, it may constitute ordinary negligence. Krueger v. Taylor, 77 U.S.App.D.C. 112, 132 F.2d 736 (1942)). Rather than stopping the vehicle, the defendant driver proceeded with an obscured windshield. (*Compare* French v. Christner, 173 Or. 158, 135 P.2d 464, 143 P.2d 674 (1943), wherein the Court stated: "It is undoubtedly the law that a driver of a motor vehicle whose vision is obscured by fog or other weather conditions, dust or smoke, must exercise care commensurate with the danger involved. It is common knowledge that it is extremely dangerous to drive * *. * when the vision is almost completely obscured * * *.") After his car began to swerve from side to side across the road, the defendant driver made no attempt to slow or stop the vehicle; consequently, he lost control, and this (rather than the "rock pile" hit by the swerving car) caused the accident to occur.

█ Since the jury could have concluded that the above acts or omissions constituted negligence and that, taken together, they amounted to gross negligence, the district court erred in granting the motion for involuntary dismissal.

Reversed and remanded for a new trial. Costs to appellants.

McQUADE, C. J., McFADDEN and BAKES, JJ., and OLIVER, District Judge, concur.

been contributorily negligent. *See* Hayslip v. George, 92 Idaho 349, 442 P.2d 759 (1968); French v. Tebben, 53 Idaho 701, 27 P.2d 474 (1933); Dale v. Jaeger, 44 Idaho 576, 258 P. 1081 (1927). However, other possibly negligent acts were also committed by the defendant driver, and the jury could have concluded that these acts, untainted by any contributory negligence, were sufficient to constitute gross negligence when considered together.