No. 88-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

FRASCELI, INC., d/b/a MAMA CASSIE'S
PASTA SHOP & DELI, a Montana corporation,

Petitioner and Respondent,

-vs-

STATE OF MONTANA, DEPARTMENT OF REVENUE,
LIQUOR DIVISION, and DEBRA S. BATTLESON,
d/b/a CHI CHI'S MEXICAN AMERICAN RESTAURANT,

~~Respondents and Respondents.~~

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        West Law Firm; Candace F. West, Helena, Montana

    For Respondent:

        Leaphart Law Firm; W. William Leaphart, Helena,
        Montana
        Alexander & Baucus; Gary Deschenes, Great Falls,
        Montana
        Eric J. Fehlig, Dept. of Revenue, Helena, Montana

Submitted on Briefs:  Nov. 3, 1988

Decided:  December 13, 1988

Filed:

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Debra Battleson, d/b/a Chi Chi's Mexican American Restaurant (Chi Chi's), appeals an order entered by the Eighth Judicial District Court regarding the final ownership of one beer and wine license for the Great Falls area. The order, which overruled the agency decision made by the Director of the Department of Revenue (DOR), instructed the Department to reinstate the proposed order of the hearing examiner.

The issues on appeal are:

1. Whether the conduct of the Director of the DOR constituted reversible error;

2. Whether the District Court abused its discretion by ordering the hearing examiner's proposal to be adopted.

We reverse in part and affirm in part.

In the fall of 1986, one new retail beer and wine license became available, based on the quota system, for the Great Falls area. Based on the notice published by the Department of Revenue, which oversees and issues these licenses, there were seven applicants.

An evidentiary hearing was held on April 20, 1987, by a hearing examiner to determine who among these seven applicants would receive the license. A proposed order, along with findings of fact, conclusions of law was issued on May 23, 1987, by the examiner. That proposal awarded the license to Frascell, Inc., d/b/a Mama Cassie's Pasta Shop and Deli (Mama Cassie's). Chi Chi's was the only unsuccessful applicant to file exception to the proposed order and further requested oral argument before the Director of DOR, which was the official making the final agency decision pursuant to the Montana Administrative Procedure Act (MAPA).

The Director heard oral argument on July 31, 1987, and issued a final agency decision on September 29, 1987, awarding the license to Chi Chi's. The agency decision stated that the proposed findings regarding Chi Chi's were insufficient and drafted additional findings of fact in favor of Chi Chi's.

Mama Cassie's appealed this final agency decision and order to the District Court which heard oral argument. At that hearing, the parties stipulated that the Director of DOR conducted a personal, unannounced visit to both Mama Cassie's and Chi Chi's after he took oral argument on the MAPA appeal but before he issued his final order reversing the hearing examiner. It is that conduct, the unnoticed, on-site visit of both establishments, that Mama Cassie's contests.

The District Court found that conduct to be improper. In its order, the District Court found that "[t]hese visits were made without any prior notice to the parties and the visits were not reflected in the record or evidence as to why the Director made these visits, it is apparent that he would not have made the visits unless he felt there was some necessity to supplement the 'record' that was before him at final arguments." The District Court concluded that the "off-the-record" visits by the Director irrevocably denied the parties of (1) the right to prior notice of the intent to visit; (2) the right to object to such visits; (3) the opportunity to be present during the visits; (4) the right to respond and present evidence and argument on all issues involved under § 2-4-612(1), MCA; and, (5) the right to conduct cross-examination required for a full and true disclosure of the facts as required by § 2-4-612(5), MCA.

Accordingly, the District Court reversed the decision of the Director because it violated the parties' right to procedural due process contrary to § 2-4-704(2)(a), MCA, it

3

was made upon unlawful procedure contrary to § 2-4-704(2)(c), MCA, and it was characterized as an abuse of discretion contrary to § 2-4-704(2)(f), MCA.

Lastly, the District Court remanded to the Department of Revenue with instructions to enter the final decision adopting the recommendation of the hearing examiner awarding the license to Mama Cassie's as first proposed. Chi Chi's appealed.

Chi Chi's contends that the hearing examiner's proposed findings are deficient as a matter of law and must be overturned; that the agency decision can stand on its own, regardless of the visits, because it is based on substantial evidence; and, finally that the visits conducted by the Director are not reversible error for various reasons.

We do not reach the issues of whether the hearing examiner's findings are deficient as a matter of law to support an award of the license or whether the Director's order is sufficient as a matter of law to support his award of the license. We conclude his decision to be based on unlawful procedure constituting reversible error. We affirm the District Court's conclusion that the manner in which the Director conducted his off-the-record visits prejudiced substantial rights of the appellant for the reasons below.

I. "Off-the-Record" Visits

A. Standard of Review

The standard of review is found in the MAPA at § 2-4-704, MCA, which authorizes the District Court to modify or reverse an agency decision which prejudices substantial rights of the appellant in any one of seven ways. That statute provides in pertinent part:

> The [district] court may reverse or
> modify the decision if substantial

4

rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decision are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or

(g) because findings of fact, upon issues essential to the decision, were not made, although requested.

A finding based on any one of these seven reasons is sufficient for the District Court to modify or reverse. As was noted earlier, the District Court in the case at bar gave three reasons to reverse based on subsections (2)(a), (c) and (f).

B. Due Process Rights

Chi Chi's argues that due process could not have been denied to Mama Cassie's by the Director's inspections because Chi Chi's was likewise uninformed about the date of the visits and opportunity to be present. Thus, argues Chi Chi's, they were equal in the end.

However, the language of § 2-4-704(2) specifically refers to any "prejudice done to substantial rights of the

5

appellant." Mama Cassie's, as petitioner below, was the appellant to which this statute refers. Due process interests certainly are substantial rights, as contemplated by the statute. Thus, we clearly have an issue controlled by § 2-4-704(2) and whether the conduct prejudiced Chi Chi's and Mama Cassie's equally is irrelevant.

The agency order must be vacated because it was founded on unlawful procedure which violated Mama Cassie's due process interests. In Highbarger and Bohannon v. Thornock (1972), 92 Id. 829, 498 P.2d 1302, the Idaho Supreme Court found the trial judge's viewing of an accident site without prior notice to the parties was improper. We find the reasoning in that case persuasive and hold MAPA officials rendering decisions to the same standard of conduct.

Highbarger was a wrongful death case arising out of a single-car accident. The trial judge was considering a formal motion for involuntary dismissal and in aid of his determination viewed the scene of the accident. The Idaho Court found:

> A judge trying a case without a jury may not properly view premises without notice to the parties or use the result of his inspection in weighing the testimony of a witness. Citing Jones on Evidence, § 462, at 857 (5th Ed.).

Prior notice to the parties was the focus in Highbarger. It insures that parties know of the viewing in order to object to it if they deem it inappropriate under the circumstances, and notice further allows the parties to be present to assure that the court does not view the incorrect object or premises. As pointed out by the appellants in Highbarger, they had absolutely no way of knowing whether the trial judge actually found the accident site.

6

We find that prior notice for a viewing is the general rule. See, 18 A.L.R.2d 552, § 4 at 562:

> Regarding administrative decision or finding based on evidence secured outside of the hearing and without the presence of interested party or counsel:
>
> "Even though an administrative authority has the statutory power to make independent investigations, it is improper for it to base a decision upon findings or facts so obtained, unless such evidence is introduced at a hearing or otherwise brought to the knowledge of the interested parties prior to decision, with opportunity to explain and rebut."

Chi Chi's owner argues that she had no way of knowing that the Director based his reversal and additional findings on facts or data obtained through his viewing. More importantly to the Court, we have no way to be certain that he did not.

We cannot comprehend the extent or the impact of the Director's inspection because there is no record of it. Lack of prior notice coupled with lack of any documentation is fatal to an ordinarily permissible inspection. When this type of conduct occurs under a MAPA proceeding, it violates certain other safeguards built in by statute: the right to respond and present evidence and argument on all relevant issues (§ 2-4-612(1), MCA), and the right to conduct a cross-examination sufficient for the full and true disclosure of facts (§ 2-4-612(5), MCA).

We agree with the trial court's reasoning and rulings on these issues.


II. Reinstatement of the Proposed Order

Chi Chi's argues that, even if the reversal of the Director's order is proper, it was an abuse of discretion for the trial judge to order reinstatement of the proposed order.

7

We agree. Ordering the adoption of the hearing examiner's proposal simply is not an alternative authorized by statute.

Thus, we remand to the agency on this issue for a final determination. The agency will have an objective and detached officer review the record, disregarding the Director's viewings. If the officer finds it necessary to supplement the record, the officer may take additional testimony or conduct a proper viewing with prior notice and a full record.

We affirm the District Court order insofar as it vacates the final agency decision and remand to the DOR for proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

8