Linscott v. Conner.

---

SIDNEY S. LINSCOTT, *Appellant,* v. C. C. CONNER *et al., Appellees.*

No. 16,855.

HEADNOTE BY THE REPORTER.

INSTRUCTIONS—*Error Immaterial.* Where the jury were called only in an advisory capacity on questions of fact, and the court adopted their findings, the question of erroneous instructions becomes immaterial unless the court proceeds under an erroneous theory of the law.

Appeal from Jackson district court. Opinion filed November 11, 1911. Affirmed.

*E. D. Woodburn, A. E. Crane,* and *F. T. Woodburn,* for the appellant.

*H. F. Graham,* and *Guy L. Hursh,* for the appellees.

*Per Curiam:* The court properly charged the jury to take into consideration all the facts and circumstances proven and it was not necessary to direct their attention particularly to the circumstances surrounding one transaction. Besides, the jury were only called in an advisory capacity to answer certain questions of fact and the court approved and adopted their findings, so that the question of erroneous instructions becomes of no importance unless it appear that the court proceeded upon an erroneous theory of the law; and this is not claimed.

Agency may be shown by circumstantial evidence, and there was some evidence which tended to show that Sidney Linscott was the agent of George S. Linscott in taking up the chattel-mortgage note. At the request of the plaintiff the court charged that where a conveyance of real estate is silent respecting incumbrances and it is sought to show by parol evidence that the grantee assumed to pay a mortgage, the proof must be clear and convincing. Whether or not this is the correct rule it became the law of the case. The appellant insists that the evidence to prove such an agreement is not clear and convincing. It is sufficient to say that there was evidence which tended to prove the fact; it was clear in the sense that one of the parties to the contract so testified in positive terms; there were some corroborating circumstances shown, and the proof convinced the jury as well as the court. It therefore fully answered the test.

No error appearing in the record the judgment is affirmed.