489 P.2d 1324

James C. KING and Agnes C. King, husband and wife, Plaintiffs-Respondents,

v.

H. J. McNEEL, INC., an Idaho corporation et al., Defendants,

and

Sundowner, Inc., an Idaho corporation, Defendant-Appellant.

No. 10273.

Supreme Court of Idaho.

Oct. 22, 1971.

---

Alexanderson, Davis & Rainey, Caldwell, and Langroise, Clark, Sullivan & Smylie, Boise, for appellant.

Gigray, Downen & Morgan, Caldwell, for respondents.

SHEPARD, Justice.

This is an appeal from a judgment for plaintiffs in an action upon a contract for the purchase and sale of a motel. Plaintiffs commenced the action, asking for reformation of the contract, or in the alternative, damages for misrepresentation of the land area and other items involved in the purchase of the motel. The trial court utilized an advisory jury which returned a verdict for plaintiffs and which was reduced in amount by the trial court.

In 1966 the Bushnells had listed the Sundowner Motel in Caldwell, Idaho for sale with one Wayne Birch, a real estate agent. The Kings having contacted Birch, travelled to Caldwell to view the subject property several times and during those times had various conversations and negotiations with Birch and Robert Bushnell. Thereafter a contract of purchase and sale of the Motel was entered into between the Kings and the Bushnells.

At that time the motel property was bounded upon one side by the H. J. McNeel Lumber Company property and a building located thereon. Attached to and running along the edge of the McNeel lumber building was an ornamental facade designed apparently to add to the attractiveness of the motel property. Between the facade and the motel units was a small frame building, housing certain motel facilities. The motel was served by an asphalt parking lot which extended to within one foot of the ornamental facade.

The controversy between the parties involves the representations of Bushnell and Birch regarding the boundary lines of the property. The Kings alleged that Birch and Bushnell represented that the boundary of the motel property ran along the wall of the McNeel building and that the ornamental facade was on the property of and belonged to the Motel. Also involved were representations regarding a small building housing motel equipment and a portion of the parking lot. The motel property is described in the contract of sale as "Lots 1, 2, 3, 4, 5, 6, 7, 8 and 9, block 8 * * *." It is undisputed that the boundary line between lots 9 and 10 runs along the course contended for by Bushnell. Bushnell alleges that he informed the Kings of the true boundary of the motel property as the line between lots 9 and 10, which would exclude from the motel property the ornamental facade, the equipment building and a portion of the parking lot. Bushnell contends he stated that the said facilities would be required to be removed in the near

future since he intended to construct another motel on the McNeel Lumber property.

Following the sale of the Motel, Bushnell proceeded to demolish the McNeel building and construct another motel on that property. In connection with that construction, the ornamental facade, the service building and approximately 2 parking spaces were removed. This action was commenced by the plaintiffs, asking for reformation of the contract to include therein an additional 10 ft. strip between the boundary line of lot 9 and the McNeel building, or in the alternative, for damages from the loss of the above mentioned items, together with the loss of value to the Motel property caused by removal of the ornamental facade.

As aforesaid, a verdict was returned by the advisory jury in favor of the plaintiffs in the amount of $41,800. That amount was reduced by the trial court and judgment was entered in the amount of $29,500, together with costs and attorneys' fees.

Defendant-Appellant makes numerous assignments of error; however, only a portion thereof need be considered since the judgment of the trial court must be reversed.

The principal contention of Defendant-Appellant is that the trial court erred in its instructions to the jury. Defendant-Appellant argues that the trial court erred in submitting a normal agency instruction to the advisory jury rather than specifically delineating the relationship existing between a principal and a real estate broker. Defendant-Appellant contends that Dellwo v. Petersen, 32 Idaho 172, 180 P. 167 (1919), and Ringer v. Wilkin, 32 Idaho 330, 183 P. 986 (1919) set forth the rule that representations by a real estate broker about the property to be sold do not bind the vendor. Those two cases set forth exceptions to the general rule, to-wit: Representations by an agent as to quality or future productivity of the land are not binding upon the principal, nor are such representations binding on the principal when a dual agent was employed equally by both parties.

The misrepresentations alleged by Plaintiffs in the instant case were as to the determination of the boundary and the quantity rather than the quality of the land. Hence, the actual pattern of this case does not fall into the exceptions noted by the two cases cited by Appellants. It is clear that there is a differentiation made as to the representations made by an agent as to quality or potential of real estate as compared with representations made by an agent as to boundary or quantity of the land. Representations as to boundary or quantity of land have generally been held to be binding upon the principal even though no express authority existed giving the agent authority to make such representations. See: 57 A.L.R. 111, 58 A.L.R. 2d 10, and 4 A.L.R.3d 224. Therefore the instructions of the trial court relating to agency were correct and no error resulted therefrom.

Defendant-Appellant also complains of an instruction of the trial court on the elements of fraud. In Idaho there is no question but that the elements of fraud are:

"(1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intent that it should be acted on by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) *His right to rely thereon.* (9) And his consequent and proximate injury." (Emphasis supplied) Nab v. Hills, 92 Idaho 877, 452 P.2d 981 (1969); Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559 (1962).

Defendant-Appellant had requested an instruction containing all of the above set forth elements of fraud but that instruction was refused by the trial court.

The trial court herein neglected to instruct the jury that the vendee must have had the right to rely on the representations made by the vendor or his agent and that

such right of reliance was a necessary element to a finding of fraud.

Plaintiffs-Respondents argue that since the jury in the case at bar only perform the function of an advisory jury, this court should not review, nor use as a basis for reversal either the instructions to such an advisory jury or any verdict from such an advisory jury. They argue that this Court should review only the final judgment of the court below. 5 Moore, Federal Practice, ¶ 39.10(3); 2B Federal Practice and Procedure, § 891, p. 64.

We hold, however, that the rule that erroneous instructions are not prejudicial when the jury is only advisory, is a limited rule. Error in instructions to an advisory jury becomes material, prejudicial and requires reversal when it clearly indicates that the court itself was under a basic misconception of the governing law. Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963); Decker v. Ramenofsky, 91 Ariz. 97, 370 P.2d 258 (1962); Linscott v. Conner, 85 Kan. 865, 118 P. 693 (1911).

It is the province of the trial court rather than the appellate court to determine factual questions. I.R.C.P. 52(a); Thompson v. Fairchild, 93 Idaho 584, 468 P.2d 316 (1970). Herein no finding of fact regarding the right to rely upon the representations regarding the quantity of land has been made. The advisory verdict of the jury was not based upon any finding of fact in this regard since it was not properly instructed thereon. No finding of the trial court exists regarding the right to rely, and this finding was, and is necessary to the ultimate judgment of the trial court. Therefore, this cause must be remanded for determination of that fact.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion. Costs on this appeal to Appellant. The determination of attorneys' fees both here and in the trial court and of trial court costs is reserved for the ruling of the trial court on its ultimate disposition upon remand.

McQUADE, C. J., and McFADDEN, DONALDSON, and SPEAR, JJ., concur.