496 P.2d 95

**Doris E. ZUHLKE, Plaintiff-Appellant,**

v.

**ANDERSON BUICK, INC., a corporation, Defendant-Respondent.**

No. 10760.

Supreme Court of Idaho.

April 17, 1972.

Dunlap, Rettig & Rosenberry, Caldwell, for plaintiff-appellant.

Martin, Chapman, Martin & Lyons, Boise, for defendant-appellee.

SHEPARD, Justice.

This is an appeal from an order of the trial court granting involuntary dismissal. Plaintiff had filed an action alleging fraud on the part of the defendant automobile sales company in its sale of an automobile to her. Plaintiff alleged that the automobile had been misrepresented and sold to her as new. The case went to trial, and at the close of plaintiff's evidence, upon motion therefor, an involuntary dismissal was granted by the trial court.

The automobile in question was purchased by plaintiff on September 15, 1967. Plaintiff was aware that the odometer indicated the car had been driven 1582 miles. The evidence reveals that the car had actually been received by defendant from the factory on October 10, 1966. The car was sold to plaintiff under a new car warranty. At the date of actual sale plaintiff was aware that new tires had been installed on the car, that the speedometer had been reset to zero and that other minor repairs had·

been made thereon for delivery to her. Following the sale and during the time that the car was under warranty it was returned to defendant at least eight times for repairs, including the replacement of several tires, repairs and replacement of a piston and piston rings, and many other minor repairs. In early 1969 the automobile was repossessed for failure to make payments and then returned to plaintiff. On April 29, 1969 the plaintiff attempted to refinance the car, and the car was finally repossessed in May of 1969, approximately twenty months after purchase. At the time the car was repossessed, the odometer showed that it had been driven approximately 18,000 miles by the plaintiff. Thereafter plaintiff brought this action alleging fraud on the part of the defendant in its alleged misrepresentation of the car as being new. Plaintiff's claim is basically that an alleged "wrecking" of the car had taken place at some time prior to its sale.

It is undisputed that fraud is never presumed but must be shown by clear and convincing evidence. The following elements must be shown:

1. A representation.

2. Its falsity.

3. Its materiality.

4. The speaker's knowledge of its falsity or ignorance of its truth.

5. His intent that it should be acted on by the person and in the manner reasonably contemplated.

6. The hearer's ignorance of its falsity.

7. His reliance on its truth.

8. His right to rely thereon, and

9. His consequent and proximate injury.

*See:* Gillingham v. Stadler, 93 Idaho 874, 477 P.2d 497 (1970); King v. McNeel, 94 Idaho 444, 489 P.2d 1324 (1971); Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559 (1962).

It is clear that upon the conclusion of plaintiff's case and a motion for in-voluntary dismissal, the trial court is required to view the evidence and all inferences arising therefrom in the light most favorable to the plaintiff. Loving v. Freeman, 93 Idaho 426, 462 P.2d 519 (1969); Whitney v. Continental Life & Accident Co., 89 Idaho 96, 403 P.2d 573 (1965). It is also clear upon examination of the record that plaintiff did not, taking the most favorable view of her evidence, carry her burden of proof as above set forth.

The evidence fails to show any representation by the defendant that the car was in fact new and, to the contrary, the record clearly shows that the plaintiff knew at the time she purchased the car that it had been driven 1500 miles according to its odometer. Thus, even if a representation had been made, plaintiff could not have rightfully relied upon such. The evidence discloses no proof which would tend to show that the car had been "wrecked."

A body repairman of some experience, a friend of plaintiff, examined the car during May of 1969 and stated that there had been damage to the right front area of the hood on an area approximately one foot square. He indicated that it had been bent under, then straightened, reworked and repainted. No damage to any adjacent metal parts such as fenders or grill was indicated. On cross-examination, that witness for the plaintiff admitted that he had seen new cars in this condition fresh off the assembly line. The evidence indicates that plaintiff knew of the condition of the hood shortly after the sale. As herein indicated, plaintiff returned the car to the dealer numerous times for warranty repairs, some of which were substantial, but she did not at any time mention the alleged defect in the hood to the defendant. It is apparent that any damage that the plaintiff may have sustained because of the condition of the hood could have been repaired under the warranty if the plaintiff had brought such condition to the attention of the defendant.

In sum, the plaintiff has failed to prove that the defendant made any repre-

sentation that the car was new. The plaintiff's own evidence indicates knowledge on the part of the plaintiff that the car was not new. Plaintiff's evidence did not sustain her burden of clear and convincing proof of all of the elements of fraud. The granting of the involuntary dismissal was therefore proper and is affirmed.

Plaintiff also attempted at the time of the motion to dismiss to make a motion to conform the pleadings to the proof. This motion was denied. Apparently the requested amendment was to be of implied warranty. As aforesaid, there was no showing that the plaintiff attempted to have the damage, if any there was, repaired under the warranty even though she knew of the alleged damage during the time the warranty was in effect. Therefore even if the amendment had been allowed the involuntary dismissal would nevertheless have been proper.

The judgment of dismissal is *affirmed.* Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.