528 P.2d 1283

**Derrell GNEITING and Dorothy Gneiting, husband and wife, Plaintiffs-Appellants,**

v.

**Gale W. CLEMENT et al., Defendants-Respondents.**

**No. 11236.**

Supreme Court of Idaho.

June 27, 1974.

On Rehearing Dec. 23, 1974.

Dean Williams, Blackfoot, for plaintiffs-appellants.

T. Harold Lee, Rigby, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from a judgment entered following a trial to the court, the subject of which was an acrimonious dispute regarding a farming enterprise entered into between the parties. The judgment granted certain relief to the plaintiff but denied the majority of the relief sought by plaintiff. Plaintiff appeals. We affirm.

In the fall of 1964 Derrell Gneiting, plaintiff-appellant, became interested in obtaining a lease of certain agricultural land.

In need of financing and an outlet for crops, Gneiting interested defendants-respondents in joining him in the enterprise. The respondents were businessmen-farmers and associates in several commercial ventures.

After some discussion, an agreement of sorts was reached between the parties in December 1964. There seems to be little agreement as to what its terms were. Gneiting testified, although this was denied by the respondents, that he Gneiting, was able to dictate terms because he held what he claimed was an option to acquire the land. A corporation, Reservation Farms, Inc., was formed and Gneiting was elected president. A writing was executed indicating that Gneiting would be paid $600 per month by the corporation to manage the farm. Gneiting also claims that the parties agreed he was to be paid a "reasonable sum" ($40,000 to $50,000 yearly) for machine hire, in return for which Gneiting was to furnish the equipment to operate the farm. The respondents claim that Gneiting informed them that he had the machinery necessary to farm the land and that there was no such agreement for the payment of machine hire. Gneiting on the other hand declares that he apprised the respondents that he would need to purchase additional equipment.

The corporation acquired the lease to the subject land and commenced farming operations. A checking account was opened in the corporation's name and each of the respondents and Gneiting were authorized to write checks on this account. In April of 1965 Gneiting began purchasing farming equipment in his own name. That equipment was purchased with checks drawn upon the corporate account and signed by Gneiting himself. The defendants claim that the checks were unauthorized disbursements that tend to prove that Gneiting did not have the necessary equipment to farm the land. It is also claimed by the respondents that Gneiting's lack of equipment impeded the 1965 harvest.

It is the claim of the respondents that Gneiting was guilty of gross fiscal mis-management and that they were forced to assume responsibility for the corporation's fiscal affairs. The respondents alleged that they began receiving inquiries from creditors of the corporation and from vendors of the farming equipment purchased by Gneiting. The relations between Gneiting and the respondents deteriorated until October 1967 when Gneiting left the farm.

Prior to October 1967 Gneiting had been persuaded by Respondents Gale Clement and Lyle Taylor to sign a document entitled "chattel mortgage" and a promissory note in the amount of $102,338.54. Gneiting claimed that he understood the chattel mortgage, which covered numerous items of farming equipment, · was not to be recorded and that its only purpose was to satisfy the corporation's creditors. He testified that he thought the sum due upon the promissory note was merely the balance owing on various conditional sales contracts, and that said sum would be discharged through his "machine hire payments." In the spring of '67 the respondents persuaded Gneiting to resign as an officer and director of the corporation and assign his subscriptive right to one-half of the corporate stock to Gale Clement. Gneiting was told that such steps were necessary for the corporation to obtain further financing. Gneiting continued to contribute his services to the corporation until October 12, 1967, at which time he left the farm, according to his testimony, because the conflict between him and respondent Lyle Taylor threatened to destroy the harvest.

Gneiting demanded the return of the mortgaged farming equipment that had been left on the farm, but the defendants refused this request.

On April 9, 1970, Gneiting brought an action in four counts. An answer and counterclaim were filed thereafter, to which Gneiting replied. He thereafter demanded a jury trial. The trial court ultimately refused the demand of Gneiting for a jury trial, and the case was tried by the court. The trial of the matter was concluded in 1971, following which the trial

judge issued a memorandum opinion. Judgment was entered in August of 1972.

The judgment of the trial court reflects the following action. As to count I, which sought wages due Gneiting under the written management agreement, plaintiff recovered judgment in the amount of $13,272.48, and no appeal is taken therefrom. Counts II and III of the complaint related to amounts sought by Gneiting for the alleged machine hire together with a claim for possession of the machinery and damages for the deprivation of its use. In response to those counts defendants counterclaimed seeking to quiet title to machinery described in the chattel mortgage. As to those counts the judgment granted relief to Gneiting in the amount of $8,422, the amount that Gneiting had contributed from his personal moneys for the benefit of the corporation. In count IV, Gneiting sought the restoration of certain shares in the corporation and an accounting of the corporate assets, disbursements and dividends, together with punitive damages—all on the basis of fraud on the part of the defendants. That count was dismissed by the court, it being held that plaintiff had failed to prove fraud.

Gneiting's appeal from the judgment assigns some 25 errors below, but they may be consolidated into four basic issues. As above stated, no appeal is taken from the judgment pertaining to count I of the complaint.

■ We turn first to the issue raised by the trial court's disposition of count IV of the complaint by dismissal on the basis that fraud was not proved. It will be noted that this count sought an "accounting," allegedly needed because of the fraudulent misrepresentations of the defendants that induced Gneiting to resign as an officer and director of the corporation and to surrender his "shares of stock." In Idaho, fraud is not to be presumed, but rather must be shown by clear and convincing evidence. Zuhlke v. Anderson Buick, Inc., 94 Idaho 634, 496 P.2d 95 (1972). The evidence adduced upon the evidence of count IV was highly conflicting and an examination thereof persuades us that the trial court did not err in holding that Gneiting had failed to prove the fraudulent conduct on the part of the defendants.

■ Turning to the trial court's disposition of counts II and III of the complaint, we again note that such issues presented the question of the machine hire "agreement." The trial court quieted title to the farm machinery in the defendants and also found that no agreement as alleged by plaintiff existed. Appellant argues in its brief "the preponderance of evidence supports the appellant's position that an agreement was made for machine hire." The standard of review upon appeal is not whether or not the preponderance of evidence supports appellant's position but rather whether the findings of the trial court are supported by substantial and competent evidence, although it may be conflicting. Leonardson v. Moon, 92 Idaho 796, 451 P.2d 542 (1969). The parties hereto presented widely conflicting evidence regarding the existence of the contract. The evidence sustaining a view of non-existence of the alleged contract is substantial and will not be disturbed upon appeal.

■ As hereinabove stated count III is closely related to count II and appellant complains of the trial court's action in allowing Gneiting only the relatively small amounts which the trial court found he contributed to the benefit of Reservation Farms, Inc. Again we note that although the testimony was conflicting there is substantial competent evidence to support the trial court's findings of fact and conclusions of law in this regard and they are therefore affirmed.

We have reviewed appellants' remaining assignments of error and deem them to be without merit.

The judgment of the trial court is affirmed in all respects. Costs to the respondent.

DONALDSON, McQUADE, McFAD-
DEN and BAKES, JJ., concur.

## ON REHEARING

A petition for rehearing was filed and
granted, and the matter was re-argued.
The Court adheres to its previous opinion.