797 P.2d 153

**Arthur E. PASS, II, Plaintiff–Appellant,**

v.

**Harry KENNY and Hazel Kenny, husband and wife, Defendants–Respondents.**

**No. 18300.**

Court of Appeals of Idaho.

Aug. 31, 1990.

Janet E. Jenkins (argued), Everett O. Hofmeister, Jenkins & Leggett, Coeur d'Alene, for plaintiff-appellant.

Gary A. Finney, Sandpoint, for defendants-respondents.

WALTERS, Chief Judge.

This is an appeal from a decision of the district court in Bonner County upholding the dismissal of a claim and delivery action at the conclusion of a trial in the magistrate division. The plaintiff in the action, Arthur Pass, asserts that the magistrate erred in determining that the defendants, the Kennys, were the owners, and were entitled to possession, of the property in question. Like the district court, we affirm the order of dismissal.

Pass brought this action against the Kennys for possession of items of personal property listed in a bill of sale he had received from a gentleman named Owen Houser. The property allegedly had been sold to Pass by Houser about two months

before Pass commenced this action in June, 1987. The property consisted of tools, equipment, farm implements and various other items used by Houser in connection with a farm he previously had sold to the Kennys almost twenty years earlier, in 1968.

The case was tried to the court without a jury. At the conclusion of the trial, the magistrate held that Pass had failed in his burden to prove by a preponderance of the evidence that he was entitled to the property. The magistrate ruled that the weight of the evidence showed that Houser did not own the items at the time the bill of sale to Pass was executed. Before a written order was entered, Pass appealed to the district court; thereafter the magistrate filed a memorandum opinion containing findings of fact and conclusions of law, and ordering dismissal of Pass' complaint. As noted, the dismissal was upheld on appeal to the district court.

The facts found by the magistrate can be summarized as follows. In 1968, the Kennys purchased Houser's farm property. Houser reserved the right, during his lifetime, to use the dwelling house and outbuildings on the property, together with a garden and the area immediately around the dwelling and outbuildings. At that time, he also sold to the Kennys his personal property located in a shop (one of the outbuildings) and reserved the right to use it for the rest of his life. Thereafter, the Kennys used the personal property as they desired and Houser also used it as he desired. The Kennys had little use for many of the items because they owned a nearby farm and had machinery and tools of a similar nature.

In 1973, Houser moved from the property to join his wife and permanently reside in Colorado. He did not take any of the bill of sale items with him. He later returned[1] and lived on the property he had sold to the Kennys. From time to time Mr. Kenny would allow Houser to sell items of personal property, in order to provide money for Houser and because Kenny did not need or want those particular items. However, before Houser would take any action to dispose of the personal property, he would first obtain Mr. Kenny's permission.

Evidently referring to the 1968 transfer of Houser's property, the magistrate found that Houser later "regretted what he had done and wanted to undo it." Houser then gave Pass a bill of sale for numerous items of personal property. Houser (at age 92) died after Pass had commenced this action but before the trial was held and was therefore not available to testify. Finding that the personal property belonged to the Kennys when the bill of sale was given by Houser to Pass, the magistrate dismissed Pass' action. The district court affirmed.

On this appeal, Pass' challenge to the magistrate's decision can be summarized into three issues. First, did the magistrate err in not concluding that the transfer of personal property by Houser to the Kennys in 1968 was unenforceable because it violated the statute of frauds? Second, did Houser's transfer to the Kennys lack the required present donative intent that must exist when making a gift of one's property? Finally, did the magistrate err in admitting hearsay evidence at the trial to show Houser's state of mind with regard to his transfer of property to the Kennys? We will address each of these issues in turn and conclude with a determination of costs and fees for this appeal.

## STANDARD OF REVIEW

Preliminarily, we note that in reviewing a decision by a district court made in its appellate capacity, we review the trial court record to determine whether there is substantial evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from

1. The magistrate found that Houser returned to the farm property three or four years after he had moved to Colorado. On appeal Pass argues that this finding is erroneous and that the evidence clearly showed instead that Houser had returned about eight months after leaving Idaho. From our review of the trial transcript, we conclude that the appellant's assertion is correct. However, because the appellant has not demonstrated any prejudice from this error, it will be deemed harmless. I.R.C.P. 61.

**448**

those findings. *Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). If those findings are so supported and the conclusions follow therefrom, and if correct legal principles have been applied, then the district court's decision affirming a magistrate's judgment will be upheld. *Id.*

## STATUTE OF FRAUDS

We turn first to Pass' argument regarding the statute of frauds. Pass contends the evidence showed that Houser transferred the personal property to the Kennys by oral agreement, while retaining the use of the property for the rest of his life. He argues that this arrangement was invalid under I.C. § 9–505 because the agreement could not be performed within one year.[2] The performance of this agreement, he essentially argues, would extend over the balance of Houser's lifetime which—as it turned out—lasted another twenty years.

 We are constrained, however, not to rule upon the merits of Pass' position. The record before us fails to show that the application of I.C. § 9–505 was ever raised in the trial stage of the proceeding in this case. It is well established that issues not raised in the trial court but presented for the first time on appeal will not be considered or reviewed. *Sandpoint Convalescent Services, Inc. v. Idaho Dept. of Health and Welfare*, 114 Idaho 281, 756 P.2d 398 (1988). The basis for that principle is readily apparent in the context of this case. It is axiomatic that performance or part performance of an oral agreement may remove the agreement from the strictures of the statute of frauds. Whether the evidence concerning the conduct of Houser and the Kennys in this case would support that axiom is a matter which should have been submitted to the magistrate for determination in the first instance. Because Pass did not raise the statute of frauds problem below, its implication was never considered by the magistrate. As an appellate court, we are ill-equipped to consider the credibility of the various witnesses or to weigh their testimony in order to reach a valid conclusion on the asserted statute of frauds issue. Instead, we must invoke the rule precluding review of the issue because it was never presented to the trial court. Consistent with that principle, we need not address this issue further.

## GIFT

Next, Pass argues that Houser's conveyance of the personal property to the Kennys in 1968 was a defective gift because Houser lacked the intent—at that time—to transfer dominion and control. Pass points to undisputed evidence that both Houser and the Kennys jointly possessed and used the personal property. He also cites to testimony about a conversation in which Houser intimated that the items in the shop on the farm would belong to the Kennys when Houser was "done with it." Pass contends that this conversation, coupled with Houser's continued use of the property, evidence a future gift. Nevertheless, we are not persuaded Pass has shown any error in the magistrate's determination in this case.

 The question of whether the transfer of Houser's personal property to the Kennys constituted a "gift" was not an issue in this case. The undisputed facts showed that the personal property was sold to the Kennys as part of the farm they purchased from Houser. Essentially, what Pass now is attempting to do is to ask this Court to redecide the facts in this case and to reach a conclusion different from that made by the magistrate. This we will not do. On appeal, the question is *not* what other conclusion could have been reached by the trial judge; instead, it is whether the evidence supports the conclusion that

---

**2.** I.C. § 9–505 provides in part as follows:
In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:
1. An agreement that by its terms is not to be performed within a year from the making thereof.

the judge *did* reach. Our Supreme Court has stated this principle as follows:

After the court has found, the criteria are not what other or different findings the evidence could or would sustain, not what findings are plausible, not the weight or quality of the evidence or credibility of witnesses, but the sole criterion is simply whether there is substantial evidence, regardless of conflict, to sustain the findings as made, with all reasonable inferences and intendments in favor thereof.

*Conley v. Amalgamated Sugar Co.,* 74 Idaho 416, 424, 263 P.2d 705, 709 (1953). *See also, Gneiting v. Clement,* 96 Idaho 348, 528 P.2d 1283 (1974); *Angleton v. Angleton,* 84 Idaho 184, 370 P.2d 788 (1962); *Jensen v. Chandler,* 77 Idaho 303, 291 P.2d 1116 (1955). Applying that principle to this case, we have reviewed the trial transcript and record. We conclude that substantial, albeit conflicting, evidence supports the magistrate's findings of fact. The magistrate's conclusion that the Kennys were the owners of the personal property, and were entitled to its possession, as against Pass' claim based on the bill of sale from Houser, follows from the findings made. It will not be disturbed.

### HEARSAY EVIDENCE

■ Finally, Pass contends that the magistrate erred by admitting hearsay evidence through the testimony of several witnesses called by the Kennys. In substance, each of the witnesses testified concerning occasions when Houser had made statements that the property in question belonged to the Kennys, subject only to Houser's right to use the items. The witnesses were permitted to so testify, over objection from Pass, under the "state of mind" exception to the rule excluding hearsay evidence when the availability of the declarant is immaterial. I.R.E. 803(3).

Obviously this evidence was offered to show Houser's awareness that he no longer owned the property and therefore that his bill of sale to Pass conveyed nothing. It is equally clear that the recitations of statements attributable to Houser were hearsay, and that he was unavailable as a witness himself, having died a few months before the trial.

Our Supreme Court has indicated that the admission of hearsay declarations similar to those in this case is a discretionary call to be made by the trial court. In *Silver Syndicate, Inc. v. Sunshine Mining Company,* 101 Idaho 226, 611 P.2d 1011 (1979), the Court said:

We agree that the general rule is that statements attributed to persons thereafter deceased are to be regarded with caution. This rule is not, however, a blanket exclusion of all such statements. The determination of the admissibility of testimony relating to purported statements made by persons since deceased and the weight to be given to such testimony is within the discretion of the trial court where, as here, the court was the trier of fact.

101 Idaho at 236, 611 P.2d at 1021. Here, in light of the foregoing guideline, we hold that the magistrate did not abuse his discretion in permitting the hearsay evidence to be submitted in the trial.

### COSTS AND FEES ON APPEAL

■ Because the Kennys have prevailed in this appeal, they are entitled to an award of costs, to be determined under I.A.R. 40. They have requested also an award of attorney fees. Such an award is appropriate where the appellate court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). In particular, an award will be made if an appeal does no more than simply invite the appellate court to second-guess a trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, *Johnson v. Edwards,* 113 Idaho 660, 747 P.2d 69 (1987), or—on review of discretionary decisions—no cogent challenge is presented with regard to the trial judge's exercise of discretion. *McPherson v. McPherson,* 112 Idaho 402,

732 P.2d 371 (Ct.App.1987). These requirements have been satisfied in the present appeal. Consequently, the respondents are entitled to an award of reasonable attorney fees, to be made under I.A.R. 41.

In summary, we affirm the district court's appellate decision upholding the magistrate's order dismissing the action. Because it appears from the record that the question of costs and fees to be awarded for the trial of the action remains to be resolved by the magistrate, the case is remanded for that purpose.

Costs and fees to the respondents, as stated above.

SWANSTROM, J., and WINMILL, J., pro tem., concur.