812 P.2d 737

**Leanne TURNER, an individual, Plaintiff-Respondent,**

v.

**Douglas D. WILLIS, an individual; and Willis Egg Farm, Inc., an Idaho corporation, Defendants-Appellants.**

**No. 18615.**

Supreme Court of Idaho, Boise, February 1991 Term.

June 3, 1991.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendants-appellants. Larry C. Hunter argued.

Holland & Hart, Langroise, Sullivan, Boise, for plaintiff-respondent. Steven B. Anderson argued.

BAKES, Chief Judge.

Defendant appellants Douglas D. Willis and Willis Egg Farm, Inc. (Willis), appeal from the trial court's judgment on remand awarding the plaintiff respondent Leanne Turner (Turner) attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e).

In May of 1984, defendant Douglas D. Willis, driving a Willis Egg Farm truck, rear-ended plaintiff Leanne Turner's automobile while she was stopped at a red light. Plaintiff was hospitalized for treatment of injuries to her neck and body. Plaintiff filed a complaint against the defendants, Willis and his employer, Willis Egg Farm, Inc. The defendants answered, denying liability by claiming contributory negligence on the part of plaintiff. At the commencement of trial the defendants admitted liability and defended the claim solely on the basis that the plaintiff's damages were not as severe as plaintiff claimed. The trial on the damages issue took five days. The plaintiff's evidence at trial disclosed injuries to the neck and back. The plaintiff had complaints of ongoing muscular pain, limitation of movement, headaches, sleeplessness and depression. Both the plaintiff and the defendants presented expert medical testimony concerning the nature and extent and degree of plaintiff's injuries. Plaintiff submitted a substantial amount of claims for medical expense, none of which were contested except a portion of a $7,700 claim for chiropractic treatment. The trial resulted in a jury verdict of $91,500 in favor of the plaintiff.

After the conclusion of the trial, the trial court awarded costs to the plaintiff, and further awarded attorney fees in the sum of $30,500 against the defendants. The trial court recognized in its memorandum opinion that "there was a genuine issue concerning the amount of damages for the type of injury sustained by the plaintiff." However, the trial court concluded that under the decision of the Court of Appeals in *Sigdestad v. Kent Cyrus Gold,* 106 Idaho

693, 682 P.2d 646 (Ct.App.1984), the defendants should pay attorney fees because, while "the defendants admitted at trial that they were liable for the plaintiff's injuries, [they] never offered to pay any medical costs prior to trial. The acts of the defendants prior to trial show a lack of good faith negotiations to settle the case and following the Court of Appeals in *Sigdestad* the plaintiff is entitled to attorney's fees in prosecuting this case." The trial court held that the failure to enter into good faith settlement negotiations was "unreasonable" within the meaning of Rule 54(e)(1).

On appeal, this Court reversed the award of attorney fees. *Turner v. Willis*, 116 Idaho 682, 778 P.2d 804 (1989) (*Turner I*). While the Court's opinion criticized the defendants' failure to admit liability at an earlier stage of the proceedings, and to make advances on plaintiff's medical bills, we nevertheless reversed the award of attorney fees based upon this Court's decision in *Ross v. Coleman*, 114 Idaho 817, 836, 761 P.2d 1169, 1188 (1988), wherein this Court held that, "There is no authority in a trial court to insist upon, oversee, or second guess settlement negotiations, if any, and certainly no authority to impose sanctions for 'bad faith' bargaining. *Payne v. Foley, supra*, 102 Idaho [760] at 763, 639 P.2d [1126] at 1129 [ (1982) ] (Bistline, J., specially concurring)."

On remand the trial court again awarded attorney fees to plaintiff Turner under Rule 54(e)(1). The trial court gave as its two reasons (1) that the defendants again refused to settle in advance of trial the plaintiff's medical bills which the trial court observed were undisputed "except for certain minor chiropractic bills," and (2) because the defendants had denied liability and asserted the affirmative defense of comparative negligence up to the beginning of the trial without any factual foundation for that defense. In the course of explaining its second award of $30,499 in attorney fees, the trial court acknowledged that the five-day trial was the result of the contested issue of damages, not liability, and that "the case proceeded through a jury trial and required trial skills in proving the dam-

ages from a soft tissue injury." The court further stated, in justifying the contingency basis in awarding attorney fees, that "the case was undesirable from the standpoint that plaintiff's counsel bore the risk of an unfavorable jury verdict or a verdict in an amount less than which counsel could have earned performing services on an hourly basis."

The issue we must address, then, is whether or not attorney fees may be awarded under I.C. § 12–121 and I.R.C.P. 54(e)(1) when there is a legitimate, triable issue of fact to be submitted to a jury, but one (or perhaps both) of the parties assert legal or factual issues which have no support in the law or the facts. Stated another way, will the insertion of a factual or legal issue, which has no foundation in the evidence or in the legal jurisprudence of this state, authorize a trial court to award attorney fees against a party submitting such an unsupported legal or factual claim in a case which does contain a legitimate triable issue of fact or law? If the answer to this first question is "yes," *i.e.*, if the injection of a foundationless issue will justify the award of attorney fees in a case which involves other legitimate triable issues, then the second question which we must answer is what standard should the trial court apply in determining when to award fees in a case which has both frivolous and meritorious issues. For example, must the frivolous issue or issues preponderate over the legitimate issues either in number or time expended before fees are awarded? The final question is whether the award of attorney fees should be apportioned and based only on the work related to the frivolous issue or issues, or whether the award of fees should be based upon all of the legal work performed, even that part related to the legitimate issues in the case.

In this case, the trial court adopted the rule that, because the defendants asserted the affirmative defense of contributory negligence up to the time of trial, even though there was no factual support for that defense, the trial court was authorized to award attorney fees under Rule 54(e)(1) for the entire amount of the trial, even

though the record demonstrates that most of the trial proceedings involved the issue of damages, which was a legitimate trial issue.[1]

This Court has addressed this issue on two prior occasions. First, in *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982), we reversed the award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e) in a case where liability issues were raised but not "seriously contested," but there were legitimate issues as to the extent of damages. In that case we stated:

> Insofar as the record indicates, the trial court's finding of an unreasonable defense by Sampson appears to be predicated on its finding that liability on Sampson's part was not "seriously contested." Nevertheless the record indicates that the amount of damages sustained by Martha and Lawrence Payne was clearly at issue as was the apportionment of liability and fault between Sampson and Foley....
>
> ....
>
> ... We conclude that Sampson's defense of the action was not unreasonable, frivolous or without a good faith foundation and the trial court's finding of such was erroneous.

102 Idaho at 762, 639 P.2d at 1128.

Most recently the Court again addressed this issue in *Magic Valley Radiology Associates, P.A. v. Professional Business Services, Inc.*, 119 Idaho 558, 808 P.2d 1303 (1990). In that case the trial court, in a case involving claims and counterclaims, concluded that Magic Valley Radiology Associates was the overall prevailing party, and "that PBS defended the issues of reconstruction costs and punitive damages unreasonably and without foundation." The trial court then awarded what it determined to be reasonable attorney fees apportioned "to those issues upon which MVRA prevailed." On appeal this Court reversed, holding that "[t]he total defense of a party's proceedings must be unreasonable or frivolous" before an award of attorney fees was justified under I.C. § 12–121 and Rule 54(e)(1). We reversed the trial court's award of apportioned attorney fees, stating that "it is not appropriate to segregate those claims and defenses to determine which were or were not frivolously defended or pursued." 119 Idaho at 563, 808 P.2d at 1308.

In this case the trial court, in both its initial opinion and its opinion on remand, recognized that there was a legitimate triable issue over the amount of damages caused by plaintiff's "soft tissue injury," and "that plaintiff's counsel bore the risk of an unfavorable jury verdict," suggesting that the final result was legitimately debatable. Therefore, the "total defense" of this case was not unreasonable or frivolous, and, accordingly, pursuant to our holding in *Magic Valley Radiology*, the trial court erred in awarding attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1).

Costs to appellants. No attorney fees on appeal.

JOHNSON, BOYLE and McDEVITT, JJ., concur.

---

**1.** Since the defendants admitted liability at the beginning of the trial, the entire five days of trial were directed toward the factual issue of the amount of damage suffered by the plaintiff. The record reflects no pretrial pleadings or motion practice directed toward the plaintiff's attempt to have the defendants' defense of contributory negligence dismissed for lack of proof. Other than the possibility of devoting a portion of the discovery directed to the driver Willis to uncover any facts which might support the claim of plaintiff's contributory negligence, there appears to be nothing in the record to suggest that the plaintiff incurred any additional expense or delay in trying the case as the result of the affirmative defense of contributory negligence. The main complaint seems to be that the defendants' insurance carrier refused to pay plaintiff's uncontested medical bills before trial. Plaintiff's counsel admitted in oral argument that, for tactical reasons, they made no motion for summary judgment to eliminate the contributory negligence defense in order to establish the liability of the defendants prior to trial. As plaintiff's counsel candidly explained at oral argument, "However, I will tell the Court that the filing or non-filing of a summary judgment motion is a tactical, strategic decision for the trial counsel, and I would not have filed it even if she could not have got her medical bills paid any other way.... I would not have filed it. It would not have been tactically advantageous...."

BISTLINE, Justice, dissenting.

The circumstances of this case are not difficult to comprehend. In *Turner v. Willis*, 116 Idaho 682, 778 P.2d 804 (1989) (*Turner I*), on principles of *stare decisis* the action which we took with regard to the district court's assessment and award of attorney fees was that the district court on remand would reconsider the award of attorney fees without extending *any* consideration to the settlement negotiations of the parties. 116 Idaho at 686, 778 P.2d at 808.

There cannot be any serious questioning as to whether we did or did not put some teeth into the legislature's I.C. § 41–1840, by our express holding "that the district court did not err in giving due consideration to defendants' refusal to make any advances on plaintiff's sum-certain medical bills, especially given defendants' belated admission of liability." 116 Idaho at 685, 778 P.2d at 807. Our order of remand contained the specific direction to the district court "to reconsider the award of attorney fees without extending *any* consideration to the settlement negotiations of the parties." 116 Idaho at 686, 778 P.2d at 808 (emphasis in original).

Chief Justice Bakes filed a concurring opinion which in actuality was an opinion concurring in part and dissenting in part. His purpose was to state his disagreement with the Court's holding that the district court in further proceedings on remand could consider the defendants' conduct in not advancing any funds to Turner, notwithstanding that the statute, I.C. § 41–1840, allows a defendant to do so without thereby being said to have admitted liability. In connection therewith the district court could, of course, choose to not ignore that the defendants, when the case came up for trial, admitted 100 percent liability. All of which is set out in the *Turner I* opinion. Strange, indeed, although the defendants accepted the tenor of our opinion, as signified by not petitioning for a rehearing as to the entire opinion or any part thereof, Chief Justice Bakes did not, and to this day does not.

By luck of the draw, this sequel to *Turner I* fell to Chief Justice Bakes for the writing of the Court's opinion, and, true to his "dissent" in *Turner I*, he indulges in the assumption that there is no *Turner I*, there is no such doctrine as *law of the case*, and moreover he takes two justices into his company. In *Turner I*, the assault which Justice Bakes made on the Court's opinion was solely a collection of meandering concerns which occurred to him, but to no other member of the Court, as is readily witnessed by one paragraph:

> However, I cannot concur in that part of the majority opinion which suggests that 'defendants' refusal to advance even one farthing toward plaintiff's medical bills is relevant in determining whether or not the case was defended frivolously, unreasonably or without foundation under Rule 54(e)(1). The fact that I.C. § 41–1840 permits a defendant to advance payments without admitting liability or without waiving a defense does not authorize a conclusion that such a defendant can or should be penalized by the award of attorney fees for not advancing a portion of the plaintiff's damages. This suggestion will only further complicate the award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1), a procedure which now often requires a second trial after the first one. Determining when an item of damages is sufficiently and adequately established as to require a defendant to tender that part of the damages under pain of having to pay the other party's attorney fees allocable to proving that particular item is not required by I.C. § 41–1840, or any other legal authority, to my knowledge. Certainly, the majority opinion cites no authority for that proposition. The suggestion in the Court's opinion is erroneous and will greatly complicate an already difficult problem.

*Turner I*, 116 Idaho at 686–87, 778 P.2d at 808–09. There was no concurrence.

A fact of life which has to be lived with is that the Court in *Turner I*, speaking through a majority, held as it did, and remanded to the district court to reconsider the attorney fee award per specific di-

rections. Judge Newhouse had to live with it. Chief Justice Bakes, and his adherers likewise have to live with it, other than that they as a majority have it within their power to overrule a law of the case announcement. They may choose to do so, but such action will not be in the best interests of orderly judicial administration. Moreover, other than for the views of Chief Justice Bakes, as expressed today and earlier in August of 1989, there has been not one word heard from anywhere which backs the proposition that defendants, and their insurers, have any valid reason for not paying medical bills, especially when they know that their delay is causing great distress to an injured and impoverished plaintiff, and also know that delaying trial and thus keeping an injured plaintiff at bay will often reduce a plaintiff's resistance at a settlement figure which is unconscionably low.