889 P.2d 1123

**U.S. NATIONAL BANK OF OREGON, an Oregon corporation, Plaintiff–Respondent,**

v.

**Rodney T. COX and Chana B. Cox, husband and wife, Five Mile Bar Home Owners Association, and Does I Through X, Defendants–Appellants.**

No. 21257.

Court of Appeals of Idaho.

Feb. 15, 1995.

W. Timothy Seibly, Clarkston, WA, for appellants.

Holland & Hart, Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court awarding attorney fees to respondent U.S. National Bank of Oregon, pursuant to I.R.C.P. 54(e) and I.C. § 12–121. For the reasons set forth herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants Rodney and Chana Cox are the owners of a subdivision on the Salmon River at Five Mile Bar. Rodney Cox serves as president of the Five Mile Bar Homeowners' Association. In May, 1989, Rodney Cox executed and delivered a promissory note made payable to U.S. Bank in the amount of $153,-037.12. The note was secured by a deed of trust on a lot in the Five Mile Bar subdivision. The Coxes defaulted on the loan, and U.S. Bank brought an action to foreclose the deed of trust and to collect any deficiency owed by the Coxes. Pursuant to a district court decree, a foreclosure sale was held on January 31, 1992, at which the lot was purchased by U.S. Bank. The district court subsequently entered a deficiency judgment against the Coxes for the amount by which their obligation to U.S. Bank exceeded the net proceeds of the foreclosure sale.

Following the foreclosure, the Coxes began recording a series of instruments against the lot owned by U.S. Bank. For example, on March 16, 1992, the Coxes recorded a document entitled "Assignment of Sale Proceeds," by which they attempted to assign any proceeds arising from a sale of their interest in the lot. At the time the Coxes filed this instrument, U.S. Bank had already owned the property for nearly two months.

Additionally, on June 1, 1992, the Homeowners' Association recorded a statement billing U.S. Bank in the amount of $1,241,907 for Homeowners' Association fees allegedly due. The Coxes justified this amount and other charges against U.S. Bank on the basis of a "special" Homeowners' Association meeting. The notice of this meeting, sent to U.S. Bank, informed U.S. Bank that the meeting was to commence on March 24, 1992, in Princeton, New Jersey, and was to be completed on March 30, 1992, in London, England. The Coxes were the only lot owners in attendance at the meeting and were unable to produce any evidence that any other lot owner in the Homeowners' Association had ever been billed any amount as a result of the special meeting.

On May 21, 1992, U.S. Bank filed a complaint against the Coxes, which was amended on July 1, 1992, and February 25, 1993, respectively. The complaint sought to quiet title and asserted claims for racketeering, fraud and slander of title. The Coxes filed various forms of answers and counterclaims, alleging numerous causes of action. For example, in a February 3, 1993, amended counterclaim, the Coxes asserted racketeering

and an assortment of other claims, including perjury, discovery abuses, falsification of corporate books, and "threatening and intimidating behavior toward an octogenarian maiden lady and other members of the Five Mile Bar Homeowners' Association." In addition to actual and treble damages, the Coxes prayed for an award of punitive damages in an amount exceeding $144 million.

On August 23, 1993, U.S. Bank moved for summary judgment against the Coxes on its own quiet title claim and on the Coxes' counterclaims. On November 4, 1993, the district court held a hearing on the parties' claims at which U.S. Bank voluntarily dismissed its racketeering and slander of title claims. The district court granted U.S. Bank's motion for summary judgment in all respects. The judgment quieted title in the property in favor of U.S. Bank, struck the documents recorded by the Coxes, permanently enjoined the Coxes from recording additional documents against the property except after notice and hearing, and dismissed with prejudice the Coxes' counterclaims against U.S. Bank.

U.S. Bank filed a motion pursuant to I.C. § 12–121 and I.R.C.P. 54(e) for attorney fees in the amount of $19,055, on the ground that the Coxes defended the lawsuit and pursued their counterclaims unreasonably or without foundation. Following a hearing, on February 24, 1994, the district court granted U.S. Bank's motion for attorney fees and entered judgment in favor of U.S. Bank. The Coxes' sole contention on appeal is that the district court erred in awarding attorney fees to U.S. Bank.

## II. ANALYSIS

A. *Did the district court abuse its discretion in awarding attorney fees to U.S. Bank?*

■ An award of attorney fees at trial under I.R.C.P. 54(e) and I.C. § 12–121 is subject to reversal only upon a showing that the district court has abused its discretion. *Savage Ditch Water Users Ass'n v. Pulley*, 125 Idaho 237, 250, 869 P.2d 554, 567 (1993). In order to award attorney fees, the trial court must find that the action was brought, pursued or defended frivolously, unreasonably, or without foundation. *Id.*

■ The Coxes argue that attorney fees may be awarded only if a party's total defense is unreasonable or frivolous. They rely for this assertion on *Magic Valley v. Professional Business Services*, 119 Idaho 558, 808 P.2d 1303 (1991) and *Turner v. Willis*, 119 Idaho 1023, 1025, 812 P.2d 737, 739 (1991). These cases stand for the proposition that where there are multiple claims and multiple defenses, "it is not appropriate to segregate those claims and defenses to determine which were or were not frivolously defended or pursued." *Magic Valley*, 119 Idaho at 563, 808 P.2d at 1308. In order for an award of attorney fees to be justified under I.C. § 12–121 and Rule 54(e)(1), "[t]he total defense of a party's proceedings must be unreasonable or frivolous." *Turner*, 119 Idaho at 1025, 812 P.2d at 739, *quoting Magic Valley*, 119 Idaho at 563, 808 P.2d at 1308.

The Coxes contend that they reasonably defended the racketeering claim brought against them and that, therefore, their total defense was not unreasonable. They suggest that U.S. Bank's ultimate voluntary dismissal of the racketeering claim demonstrates the Coxes reasonably defended against that cause of action. In so arguing, the Coxes imply that where one party dismisses a cause of action, a trial court may never find that the other party defended unreasonably on the dismissed claim. We cannot agree with this assertion. A party's voluntary dismissal of a cause of action does not establish that a valid defense to the claim exists or was asserted. A party may decide to dismiss a perfectly legitimate claim for many reasons, including economic considerations or a conclusion that any judgment which ultimately might be obtained would be uncollectible. We are not persuaded that the rule in *Turner* and *Magic Valley* should be extended to preclude an award of attorney fees where a claim is voluntarily dismissed and the reasons for the dismissal are left to conjecture or speculation.

In deciding to award attorney fees to U.S. Bank, the district court considered that the racketeering claim was dismissed, but concluded that this was "not a reason to deny a

request for attorney fees." Moreover, the court reviewed "the case as a whole" and determined that the Coxes both defended unreasonably and brought frivolous and unreasonable claims against U.S. Bank.

Based on a review of the record, we conclude that the district court did not abuse its discretion and that the award of attorney fees was proper.

**B.** *Is U.S. Bank entitled to attorney fees on appeal?*

 Attorney fees on appeal are appropriate, pursuant to I.A.R. 41(a) and I.C. § 12–121, if the appellate court is "left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Durrant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). Specifically, when the decision of the trial court is a matter of discretion, the appellants must present a "cogent challenge" with regard to the exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449, 797 P.2d 153, 157 (Ct.App.1990). We hold that the Coxes have failed to present a cogent challenge to the district court's exercise of dis-

cretion. Therefore, U.S. Bank is entitled to attorney fees on appeal.

## III. Conclusion

The district court's finding that the Coxes unreasonably defended and pursued frivolous claims against U.S. Bank did not constitute an abuse of discretion. Accordingly, the district court's order awarding attorney fees is affirmed. Moreover, because the Coxes have presented no cogent challenge to the district court's discretionary determination, attorney fees are awarded to U.S. Bank on appeal.

Costs and attorney fees on appeal are awarded to the respondent, U.S. Bank, in amounts to be determined pursuant to I.A.R. 40 and 41.

LANSING and PERRY, JJ., concur.