## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 52670

| | |
|---|---|
| DAVID L. RANDALL, <br><br>       **Plaintiff-Appellant,** <br><br> v. <br><br> MAUK MILLER & HAWKINS, PLLC and JOE MILLER, as managing member, jointly and severally, <br><br>       **Defendants-Respondents.** | ) <br> )  **Filed:  May 13, 2026** <br> ) <br> )  **Melanie Gagnepain, Clerk** <br> ) <br> )  **THIS IS AN UNPUBLISHED** <br> )  **OPINION AND SHALL NOT** <br> )  **BE CITED AS AUTHORITY** <br> ) <br> ) <br> ) <br> ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Derrick O'Neill, District Judge.

Judgment granting motion for summary judgment in action for breach of contract and legal malpractice, <u>affirmed</u>.

David L. Randall, Boise, pro se appellant.

Hawley, Troxell, Ennis & Hawley, LLP; Tyler J. Anderson & Timothy Blair Jr., Boise, for respondents.

_____

MELANSON, Judge Pro Tem

David L. Randall appeals from a judgment in an action for breach of contract and legal malpractice.  We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Randall pled guilty to first degree murder.  Prior to sentencing, Randall's trial counsel, Joe Miller, moved to withdraw as Randall's counsel of record, citing a breakdown in communication.  The trial court granted the motion to withdraw and appointed a public defender to represent Randall.  Thereafter, Randall filed a motion to withdraw his guilty plea, asserting he was coerced into pleading guilty.  The trial court denied Randall's motion and Randall appealed.

1

In his appeal, Randall also argued the trial court abused its sentencing discretion when it imposed a unified life sentence, with a minimum period of confinement of twenty-five years. On appeal, this Court affirmed the trial court's denial of Randall's motion as well as his sentence. *State v. Randall*, 175 Idaho 103, 562 P.3d 459 (Ct. App. 2024).

While his criminal appeal was pending, Randall, appearing pro se, filed a civil complaint alleging breach of contract and legal malpractice against his former trial counsel's law firm and trial counsel, Mauk Miller & Hawkins, PLLC, and Joe Miller (the Respondents). The Respondents filed a motion for summary judgment. Following a hearing, the district court granted the motion and awarded summary judgment in favor of the Respondents. Randall appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

The issue before this Court is whether the district court erred in awarding summary judgment in favor of the Respondents. On appeal, Randall argues his "lawsuit against Joe Miller" should be "reversed and remanded and set for trial." The Respondents assert that Randall has forfeited any alleged error because his appellant's brief fails to meet the requirements set forth in I.A.R. 35(a). Alternatively, the Respondents contend the district court's decision awarding summary judgment is supported by the record and applicable law. We hold that significant deficiencies in Randall's briefing result in a waiver of his claims on appeal and affirm the award of summary judgment.

### A. Idaho Appellate Rule 35

Pro se litigants are held to the same standard as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* One such rule is that an appellant's brief must articulate the appropriate

2

standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth on appeal. *Cummings v. Stephens,* 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id.* Randall does not include a standard of review in his appellant's brief and has, therefore, waived his claims. Additionally, Randall's appellant's brief does not comply with I.A.R. 35(3), which requires: (i) a statement of the case indicating briefly the nature of the case; (ii) the course of the proceedings in the trial or the hearing below and its disposition; and (iii) a concise statement of the facts. Randall's brief also fails to comply with I.A.R. 35(a)(6), which requires that the appellant's brief contain an argument section with citation to authorities, statutes, and parts of the transcript and record relied upon. Appellate courts will not search the record for error and do not presume error on appeal; the party alleging error has the burden of showing it in the record. *Dep't. of Fin., Sec. Bur. v. Zarinegar*, 167 Idaho 611, 627, 474 P.3d 683, 699 (2020).

Further, the failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Randall's appellant's brief fails to include a statement of issues. The section titled "Issues Presented on Appeal" references exhibits Randall attached to his appellant's brief. The exhibits include: a personal statement in which Randall proclaims he is innocent of his criminal charges; various affidavits, records, and transcripts from his criminal case; an accounting of payments Randall made to the Respondents; and statutes which Randall asserts the victim of Randall's criminal case violated by committing crimes against him. As such, Randall has failed to clearly identify how any issues are properly before this Court, how the district court erred in awarding summary judgment, or explain the relevance of the documents which he references throughout his appellant's brief. Instead, Randall attempts to argue the merits of his criminal appeal--an appeal which this Court has already decided. *See Randall*, 175 Idaho at 121, 562 P.3d at 477. To the extent Randall is appealing from the district court's decision awarding summary judgment, Randall has waived any claim of error because his appellant's brief fails to comply with relevant appellate rules.

3

**B.     Costs and Attorney Fees on Appeal**

On appeal, the Respondents argue they are entitled to costs and attorney fees on appeal pursuant to I.C. § 12-121, as well as I.A.R. 40 and 41. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). The standard for an award of attorney fees has been satisfied in this case. Accordingly, the Respondents are awarded attorney fees on appeal. The Respondents are also awarded costs on appeal as the prevailing parties.

## IV.

## CONCLUSION

Randall has waived any claim of error on appeal because of the procedural and substantive deficiencies in his briefing. As a result, Randall has failed to show the district court erred in awarding summary judgment. Accordingly, the judgment in favor of Respondents in an action for breach of contract and legal malpractice is affirmed. Costs and attorney fees on appeal are awarded to the Respondents as the prevailing parties.

Judge HUSKEY and Judge LORELLO, **CONCUR**.